DANIEL TILDEN *v.* MINOR, SMITH & MORIARTY; E. G. CULVER, TRUSTEE, AND THE MERCHANTS' NATIONAL BANK OF CHICAGO, CLAIMANT.*

*Assignment of Bill of Lading.*

The assignment of a bill of lading as collateral security, conveys title to the cargo.

TRUSTEE PROCESS. The facts reported by the commissioner sufficiently appear in the opinion of the court; except that, the trustee got possession of the corn in question without fault of the

---

* This case was decided at the general term, in November, 1871.

claimant, before the commencement of this suit, without paying therefor. The court, Windsor county, BARRETT, J., presiding, rendered judgment against the defendant by default, and judgment, *pro forma*, against the trustee for $236.60; to which the claimant excepted.

*C. P. Marsh*, for the claimant, cited *Bank of Rochester* v. *Jones*, 4 Comst. 497; *Hibbert et als.* v. *Carter*, 1 T. R. 745; *Conard* v. *Atlantic Ins. Co.* 1 Peters, 387, 445; *Barrow* v. *Cole*, 3 Camp. 92; *Nathan et al.* v. *Giles et al.* 5 Taunt. 558; *Allen et al.* v. *Williams et al.* 12 Pick. 297; *Davis & Aubin* v. *Bradley & Co.* 24 Vt. 55; S. C. 28 Vt. 118; *Bryans et al.* v. *Nix*, 4 M. & W. 775; *Anderson* v. *Clark*, 2 Bing. 20; *Gardner* v. *Howland & Tr.* 2 Pick. 599.

*S. E. & S. M. Pingree*, for the plaintiff.

The claimant was in no sense such a *bona fide* assignee of the draft in question as would entitle it to hold the funds in the trustee's hands as against the plaintiff, even with seasonable notice of the assignment. Gen. Stat. ch. 34, §§ 44, 47.

Had the transfer been *bona fide*, still, we insist that actual personal notice thereof by the claimant to the trustee, before suit brought, was necessary. *Guilford et als.* v. *Smith et als.* 30 Vt. 49, 66.

The opinion of the court was delivered by

REDFIELD, J. The defendants were grain dealers in Chicago. The trustee had purchased of the defendants several carloads of corn and feed, which had been paid for by honoring drafts by defendants, on the trustee, sent to the Woodstock National Bank for collection, with the bill of lading thereto attached, endorsed in blank. In June, 1869, the trustee ordered another carload of corn; and on the 15th day of the same month, it was forwarded in car No. 604 by the defendants to *their own order*, with the memoranda on the bill of lading, "Notify E. G. Culver, West Hartford, Vt."

On the same day, defendants drew a draft on the trustee for $236.30 (the price of the corn), payable to the order of H. C.

Willson, cashier of the Merchants' National Bank, Chicago. Said bank became purchasers, as is claimed, of the draft, and credited the amount (less some small fees for collection) on the bank books, as a deposit by defendants. The defendants delivered the bill of lading, endorsed in blank, to the bank, as collateral security for the payment of the draft. On the same day, the Merchant's National Bank sent said draft, by mail, to the Woodstock National Bank, "for collection and remittance;" and with directions to "hold bill of lading subject to the payment of the draft." The draft was received by the Woodstock National Bank in due course. The latter bank gave immediate notice by letter to the trustee, which was received by the family of the trustee while he was absent in Canada, and before service of this process.

I. The facts reported by the commissioner show that the Merchants' National Bank, Chicago, were the purchasers and owners of this draft.

II. The endorsement and transfer of the bill of lading as collateral security for the payment of the draft, vested in the bank the title to the cargo. *Hibbert et al.* v. *Carter*, 1 T. R. 745; *Nathan et al.* v. *Giles*, 5 Taunt. 558; *Davis et al.* v. *Bradley & Co.* 24 Vt. 55. *Same* v. *Same*, 28 Ib. 118.

In the latter case, REDFIELD, Ch. J., has very fully collated the adjudged cases, and stated the rule that governs this class of cases.

The movement of the immense products of the West to the seaboard, involves the use of large sums of money, which requires confidence and credit. To ensure that, the bill of lading has been held and regarded in law as the symbol and representative of the cargo. The assignment, for honest purposes, of the bill of lading, is effectually the assignment of the cargo; and since railways have made continents navigable as well, as the sea, and immense products, and almost limitless tonnage, are floated by their agency to the great central depots of commerce, the propriety and necessity of the rule becomes more apparent; and the duty of the court to make it certain and inflexible, more obvious.

The act of taking possession of the corn by the trustee, was wrongful and tortious, and created no debt *ex contractu* to any

one. The corn was consigned to the *order* of the *defendants*, and the trustee had no more right to take possession of the corn than any other stranger.

If the bill of lading had not been transferred, the defendants might have treated the trustee, at their election, as a tortfeasor, and, in that case, the trustee would have owed the defendants no debt attachable by trustee process. 1 Smith Lead. Cas. 1074–5, and 1079, note.

III. The title of the corn never having vested in the trustee, it is immaterial whether he had notice of the sale of the corn to the Merchants' National Bank ; and we have no occasion to determine whether the facts reported establish such notice. The *pro forma* judgment of the county court is, therefore, reversed, and judgment that that the trustee be discharged, and that the fund belongs to the claimants, with costs.