## BURDITT BROS. *vs.* L. C. HOWE.

### May Term, 1897.

Present: Ross, C. J., Taft, Rowell, Tyler, Munson, Start and
Thompson, JJ.

*Parol Evidence—Sight Draft with Bill of Lading—When Title Will Pass.*

When goods are sold and shipped on terms of payment, "by sight draft
with bill of lading attached," the title to the goods does not pass until
the draft is paid.

It being evident that a part of the contract rested in parol, such evidence
was properly received, although the order and acceptance were in
writing.

Trover for forty barrels of flour. Plea, the general issue.
Heard on the report of a referee and the defendant's
exceptions thereto at the March Term, 1897, Rutland
County, *Tyler*, J., presiding. *Pro forma* judgment sustaining
the exceptions and that the defendant recover his costs.
The plaintiff excepted.

The following is a summary of the report. The plaintiffs
are dealers in flour at Rutland. The defendant is a sheriff
and as such took the flour in controversy from a railroad
car at Ludlow, October 28, 1893, upon writs of attach-
ment against the firm of Hubbard & Moore, in which
George M. Moore was a partner. Early in October, 1893,
said Moore had a talk with F. L. Bigelow, a salesman for
the plaintiffs, about buying of them fifty barrels of flour.
Bigelow gave Moore the price and informed him that he
could not have credit but that payment must be made by
sight draft and it was agreed that if Moore should send an
order there should be a sight draft with bill of lading
attached. October 21st, Moore sent Bigelow a postal card
as follows: "Have placed 50 bbls. E. Lt. at price mentioned,
f. o. b. Ludlow. St. draft. Ans." On the same day
Bigelow replied by letter saying that he would send the

fifty barrels at the price named and make sight draft through the Ludlow Bank at the time of shipment. The plaintiffs had sold thirty barrels of flour to Spaulding & Son of Ludlow and on October 24th shipped those thirty barrels and the fifty barrels ordered by Moore in the same car, marking each portion with the purchaser's name upon every barrel, and on the same day sent through the bank for collection a sight draft on Moore for the price of the fifty barrels with bill of lading attached. The car arrived at Ludlow, October 26th, and Moore being notified of its arrival by Spaulding & Son drew away ten barrels on October 27th, and on October 28th was about to draw away the other forty barrels when the attachment was made. Spaulding & Son had no authority to deliver the flour to Moore.

The defendant objected and excepted to the admission of parol evidence concerning the contract on the ground that the terms were completely shown by the correspondence between Moore and Bigelow.

*G. E. Lawrence* for the plaintiff.

*W. W. Stickney* and *J. G. Sargent* for the defendant.

TAFT, J. It is argued by defendant's counsel that the parol testimony covered by the exceptions to the report was not admissible for that "the correspondence of Bigelow (the plaintiff's agent) and Moore constitute a complete contract in writing."

It is evident that a part of the contract rested in parol, viz: that a bill of lading was to accompany the draft and that the title to the flour was not to pass until the draft was paid. This made the parol testimony admissible and the exceptions to the report are overruled. *Winn* v. *Chamberlin*, 32 Vt. 320; *Reynolds* v. *Hassam*, 56 Vt. 449. That the title would not pass, was the legal effect of the draft and bill of lading. *Tilden* v. *Minor*, 45 Vt. 196. The

title of the flour not having passed to Moore it cannot be held on the attachment against him and the plaintiffs are entitled to recover. The question of stoppage *in transitu* becomes immaterial.

> *The pro forma judgment reversed, the defendant's exceptions to the report overruled, and judgment rendered for the plaintiffs.*