## DEAN *v.* AMERICAN HARROW COMPANY.

1. In the trial of a claim case where the execution has been levied upon land, and the plaintiff relies upon the possession of the defendant in fi. fa. after judgment, evidence leaving it uncertain whether the tenant in possession held for such defendant or for the claimant is not sufficient to change the burden of proof from the plaintiff in fi. fa. to the claimant.

2. In such a case it is error to charge that if the defendant in fi. fa. was in possession before the judgment, the jury would be authorized to find the property subject.

Argued October 6,—Decided October 31, 1900.

Levy and claim. Before Judge Janes. Haralson superior court. May 1, 1900.

*E. S. & G. D. Griffith,* for plaintiff in error.
*James Beall,* contra.

SIMMONS, C. J. 1. An execution against Mrs. Dean was levied upon certain land to which a claim was filed by J. S. Dean, her son. The entry of levy failed to disclose who was in possession of the land at the time the levy was made. The judge heard testimony as to the possession at that time. It appeared that the land was occupied by a tenant. This tenant testified, in substance, that he, in the fall of the year 1896, talked with the son, the claimant, about renting the place; that he thought the son charged him too much rent, and he went to see the mother about the place; that subsequently he moved upon the place; that he thought Mrs. Dean was in possession, but he paid the rent for 1897 to the son, and in 1898 rented from the son and paid him the rent. The judgment under which the property was levied upon was rendered on November 4, 1897, and the levy was made on January 4, 1898. Upon this evidence the judge ruled that the plaintiff had shown that the defendant in fi. fa. was in possession, and that the burden was cast upon the claimant to establish his claim. We can not

agree with the judge in this matter.   The simple fact that in the
fall of 1896, before the judgment was rendered, the tenant failed
to agree with the son as to the amount of the rent to be paid, and
went to see the mother in regard to the matter, does not show that
he rented from her for that year.   Certainly it does not show that
he held under her at any time between November 4, 1897, and
January 4, 1898.   The tenant states merely that he saw the mother
and afterwards moved upon the land, without intimating whether
the charge for rent was reduced or with whom he finally closed the
rental contract.   What he thought as to who was in possession
was immaterial, for possession can not be proved in that way.   Be-
sides, even if the defendant in fi. fa. had been in possession in the
fall of 1896, that possession may have been changed before the
rendition of the judgment in November, 1897.   In order to shift ·
the onus to the claimant, the plaintiff must show, when he relies
upon the possession of the defendant in fi. fa., that such defendant
was in possession at some time between the date of the judgment
and that of the levy.

2. The plaintiff in fi. fa. did not show in the defendant in fi.
fa. any title to the land, but relied entirely upon the possession of
such defendant.   The judgment, as before stated, was rendered on
November 4, 1897, and no possession was shown in the defendant
subsequently to that date.   Under these facts the judge charged the
jury as follows:   "If you believe from the evidence that the de-
fendant, Mrs. M. W. Dean, was in possession of the land levied on
in 1897 or 1896, you would be authorized to find the property sub-
ject."   This charge was erroneous.   In order for a plaintiff in exe-
cution to subject land, he must either show title in the defendant
at some time or else show possession in the defendant at some
time after the judgment and before the levy.   If title is shown in
the defendant at a time prior to the date of the judgment, it will be
presumed that such title continues in the defendant, and the burden
of proof will be cast upon the claimant to show a change of title.
If the plaintiff relies upon the possession of the defendant, he must
show that the defendant was in possession at the time of the ren-
dition of the judgment, or at the time of the levy, or at some time
intermediate.   Unless he shows title or such possession in the de-
fendant, he can not subject the land.   In the present case the judg-
ment was based upon a promissory note on the back of which was

a statement, signed by the defendant, to the effect that she owned the land upon which the levy was subsequently made. The note was dated October 20, 1893. This statement was put in evidence, but we think that it did not, as against the claimant, show either title or possession in the defendant in fi. fa., and, further than that, it was made some four years before the time of the rendition of the judgment. On the trial the claimant introduced a deed from the defendant to the claimant; but a deed purporting to convey title out of the defendant is not evidence that title was theretofore in the defendant. On the whole we think no title was shown in the defendant and no possession in her at any time subsequent to the judgment. It was therefore not only error, but hurtful and material error, to charge that possession in the defendant in 1896, before the date of the judgment, was sufficient to authorize the jury to find the land subject.

*Judgment reversed. All concurring, except Little, J., absent.*