GROTIAN et al. v. GUARANTY TRUST CO.

(Circuit Court, S. D. New York. December 1, 1900.)

RECOVERY OF PAYMENTS—MUTUAL MISTAKE OF FACT—PAYMENT WITHOUT LIABILITY.

Where a draft was by its terms drawn against a shipment of flaxseed, and had attached a forged bill of lading and certificate of insurance on the flaxseed, and the acceptance by the drawees was also expressly against the bill of lading and certificate of insurance, both draft and acceptance were qualified by the conditions so expressed, and the acceptance created no liability which could be enforced against the acceptors; hence a payment of such draft by the acceptors to an indorsee in order to obtain possession of the bill of lading, before either had knowledge of the forgery, was one made under a mutual mistake of fact, and without liability, and the acceptors were entitled to recover back the money paid.

At Law. On demurrer to complaint.

Arthur J. Baldwin, for plaintiffs.
Julien T. Davies, for defendant.

WHEELER, District Judge. According to the complaint, John Glen, of New York, made a draft on the plaintiffs, of Hull, England, for £1,518. 8s. 7d. sterling, payable 60 days after sight, to his order, in London, to be charged "to the account of 8,417.50 bush. flaxseed," which was accompanied by a forged bill of lading of the flaxseed per steamship Buffalo from New York to Hull, and a certificate of insurance for $8,500. Glen indorsed the draft, and assigned the bill of lading, with the insurance, to the defendant, and upon presentation the plaintiffs accepted thus:

"Hull. 21st Nov., 1898.

"Accepted, payable at Lloyd's Bank, Ltd., London, against indorsed bills of lading for 8,417 bushels flaxseed per Buffalo, SS., at New York, and certificate of insurance, $8,500. Due 22nd Jan., 1899.

"Fred. B. Grotian & Co."

Before the arrival of the Buffalo, in order to get the bill of lading to obtain the flaxseed with, the plaintiffs paid the defendant $7,319.29, and took up the draft, which they demanded back from the defendant on learning, after the arrival of the Buffalo, that the bill of lading was a forgery, and that there was no flaxseed to be drawn against. This suit is brought to recover that sum as money paid by mistake, and had and received to the use of the plaintiffs.

The title to the property covered by the bill of lading accompanying a draft goes with the bill, but as security merely, while the bill is kept collateral to the draft, and not brought into its terms, nor into the terms of its acceptance. Tilden v. Minor, 45 Vt. 196; Goetz v. Bank, 119 U. S. 551, 7 Sup. Ct. 318, 30 L. Ed. 515. Here the property covered by the bill of lading was mentioned in the draft and in the acceptance, and affected their meaning. The draft was to be charged to the account of the flaxseed. The acceptance was not absolute, but was against the flaxseed and insurance. As the acceptance was qualified by being against the bill of lading, the flaxseed, and the insurance, there would be no liability upon it without any of them. The forged bill of lading was as nothing. There was no flaxseed, and consequently no insurance of any. The acceptance raised a new contract, by the terms of which the defendant could not have recovered upon it of the plaintiffs. Under a mutual mistake of fact, according to the complaint, the plaintiffs paid the money to the defendant without liability. It did not, and does not, appear to belong to the defendant. Demurrer overruled.