FARMERS AND TRADERS NATIONAL BANK OF COVINGTON, KENTUCKY, *v.* ALLEN–HOLMES COMPANY.

One is liable, in an action of trespass, for causing an attachment against a debtor to be levied on a consignment of goods in the custody of a common carrier, the title to which was in a third person to whom a bill of lading covering the shipment had previously been duly assigned by such debtor ; and if the property so levied on was brought to sale under the attachment proceedings, such third person would be entitled to recover damages for such unlawful seizure and sale.

Argued December 16, 1904. — Decided February 1, 1905.

Complaint.    Before Judge Humphreys.    City court of Moultrie.    June 8, 1904.

The Farmers & Traders National Bank of Covington, Ky., brought an action against the Allen-Holmes Company, a partnership, alleging that firm was indebted to it in the sum of $686.66 principal, and interest thereon, because of the following facts: On or about the 1st of January, 1902, the Allen-Holmes Company ordered a car-load of corn from Henry Heile & Sons, to be paid for on delivery, and, in compliance with the order, Henry Heile & Sons shipped to the Allen-Holmes Company a car-load of corn, retaining the bill of lading issued therefor, which was attached to a sight draft drawn in favor of plaintiff for the value of the corn. In due course of trade, the plaintiff discounted this draft drawn on the Allen-Holmes Company by Henry Heile & Sons, and acquired possession of the bill of lading attached thereto, which was pledged as security for the sum advanced.    When the car of corn arrived at Moultrie, its destination, the Allen-Holmes Company declined to accept the same, and, on or about April 2, 1902, had issued from the city court of Moultrie an attachment against Henry Heile & Sons for an alleged indebtedness of $545.15, and had the attachment levied by the sheriff on the car of corn, which

was subsequently sold by him by virtue of said attachment. By reason of the transfer and assignment of the bill of lading, as aforesaid, the corn was the property of plaintiff. It was, on the date it was ordered, of the value of $686.66, which amount plaintiff would have received had the defendant accepted the shipment and not levied said attachment. Any judgment that may have been entered in the attachment proceedings was illegal and void, because (1) the car-load of corn levied on was not the property of the defendant in attachment, but was the property of plaintiff, and (2) the defendant in attachment had no legal notice or service of the pending attachment, did not enter an appearance in that proceeding, and made no waiver of notice thereof.

The defendant demurred generally to the plaintiff's petition, and it was dismissed by the trial court. To the judgment sustaining the defendant's demurrer exception was taken by the plaintiff.

*J. D. McKenzie* and *Shipp & Kline*, for plaintiff.
*W. F. Way*, for defendant.

EVANS, J. (After stating the facts.) The refined niceties of technical pleading do not obtain in Georgia. The pleader is only required to plainly, fully, and distinctly set forth in the plaintiff's petition his "charge, ground of complaint and demand, and the names of the persons against whom process is prayed." Civil Code, § 4960. The sufficiency of the facts alleged to constitute a cause of action may be challenged by demurrer, and when so challenged, it is the duty of the court to analyze the petition and to ascertain if the plaintiff is legally entitled to any of the relief prayed for under the facts alleged. It is clear that the pleader who framed the petition filed in the present case did not undertake to set forth any cause of action based on a breach of the contract made for the sale of the corn; for that contract is alleged to have been between the defendant and Henry Heile & Sons, and no privity of contract between the defendant and the plaintiff is averred or appears from the facts recited. Nor is the petition drafted on the theory that there had been a wrongful conversion of the plaintiff's property. The suit sounds in trespass, and is for an unlawful invasion of the property rights of the plaintiff. The facts alleged in the petition amounted to an actionable trespass. An attachment against a third person was levied, at the instance of the

defendant, upon the plaintiff's property, which was sold thereunder. The attachment was authority to the levying officer to seize the property of the defendant in attachment, but none whatever to seize the property of a third person, though the defendant in attachment had lately sold it to him.     *Wilson* v. *Paulsen,* 57 *Ga.* 596.     When a fi. fa. issues upon a general judgment, or an attachment issues in ordinary cases, the officer is simply commanded to levy and seize generally property of the defendant, and when he acts he does so at his peril.     If he seizes property of a person other than the defendant, and thereby causes injury to an innocent party, he and all parties acting with him in procuring such seizure are liable as joint trespassers.     *Haslett* v. *Rogers,* 107 *Ga.* 244; *McDougald* v. *Dougherty,* 12 *Ga.* 613 ; *Holton* v. *Taylor,* 80 *Ga.* 508.     The title to the corn was alleged to be in the plaintiff at the time of the levy of the attachment.     Heile & Sons had parted with title thereto when that firm transferred the bill of lading to the plaintiff bank.     The bill of lading issued by the carrier was assignable, and passed title to the corn into the bank.     Civil Code, § 3554 ; *Commercial Bank* v. *Armsby Co.,* 120 *Ga.* 74.     After the assignment of this bill of lading, the bank had constructive possession of the car-load of corn which had been delivered to the carrier for transportation.     See *Central Georgia Co.* v. *Exchange Bank,* 101 *Ga.* 353.     Under the very terms of the contract of shipment, the carrier obligated itself to transport the car and hold it subject to the orders of the holder of the bill of lading, whether such holder was the party to whom the bill of lading was originally issued, or his assignee.     So, at the time the car arrived at its destination, the railroad company's possession of the corn was that of the plaintiff bank, and as bailee the company would have been liable to the bank if it had delivered the goods to the consignee without a due surrender to it of the bill of lading held by the bank.     *Hobbs* v. *Chicago Packing Co.,* 98 *Ga.* 576.     While the corn was thus in the constructive possession of the bank, though in the physical custody of the carrier, the defendant caused an attachment against Heile & Sons to be levied on it, and it was seized and sold under the attachment proceedings.     This unlawful invasion of the plaintiff's right of property gave it a cause of action ; and if, as alleged, the property was wholly lost because of the illegal levy and sale, the plaintiff would be entitled to recover at

least the actual value of the corn. This was alleged to be the price which the defendant agreed to pay Heile & Sons on delivery at destination. It follows from what is said above that the plaintiff's petition was good as against a general demurrer, and the trial court erred in dismissing the action.

*Judgment reversed. All the Justices concur.*