## AMERICAN NATIONAL BANK *v.* LEE.

1. Upon the trial of a claim case, where the levy of attachment does not recite that the property was found in the possession of the defendant at the time of the levy, the plaintiff successfully carries the burden of proof by showing affirmatively that the defendant in attachment was vested with title at or before the time of the levy. Accordingly, when such proof was made, the trial judge did not err in refusing to dismiss the levy upon the ground that the plaintiff had not shown title or possession in the defendant in attachment.

2. Where a person orders goods, and the owner, contemplating a sale, delivers them to a common carrier, to be shipped to his own order at the station of the proposed purchaser, title does not, without more, pass from the owner. And where the owner, upon such shipment of the goods, makes a draft in favor of a third person on the proposed purchaser for the price of the goods and indorses the bill of lading and delivers that, with the draft attached, to the third person, for a sufficient consideration, intending thereby to sell the goods, the delivery of such draft and bill of lading so indorsed will convey to that person the title to the goods. Accordingly, when a sale is thus completed before the goods are levied upon under an attachment against the original owner, the property, upon the trial of the claim interposed by the owner of the draft and bill of lading, should be found not subject.

Submitted January 26,—Decided February 16, 1906.

Certiorari. Before Judge Reagan. Upson superior court. May 9, 1905.

*Tisinger & Davis,* for plaintiff in error.

*M. H. Sandwich,* contra.

ATKINSON, J.   S. S. Lee sued out a writ of attachment against Pilcher & Company, non-residents, returnable to a justice's court, on the 4th day of April, 1904, and caused the same to be levied upon certain flour as the property of the defendant. The levy did not state that the flour was found in the possession of the defendant. The American National Bank filed a claim to the property. By consent the case was appealed to a jury. Upon the trial the plaintiff introduced evidence, which, in so far as the rulings brought here for review are concerned, may be treated as sufficient to prove the debt and the ground for attachment. Upon the question of title to the property the evidence offered by the plaintiff was substantially to the effect that T. J. Reeves, of Thomaston, Georgia, had ordered 12 barrels of flour from the defendant, Pilcher & Company, to be shipped from Nashville, Tennessee, to Thomaston, Georgia. The flour was shipped March 26, and a bill of lading issued to the order of Pilcher & Company, with directions to notify Reeves. The flour was shipped upon the bill of lading with the draft for the purchase-money attached, and was levied on while in the hands of the common carrier at Thomaston, Georgia, before Reeves had accepted the same or paid for it. Reeves testified that at the time of the levy the flour was not his property, but that according to his understanding it was the property of Pilcher & Company, the defendant in attachment. The plaintiff rested; whereupon the claimant moved the court to dismiss the levy on the ground that the plaintiff had failed to prove either possession or title in the defendant. The motion was overruled. The claimant then introduced the bill of lading, dated March 26, 1904, indorsed in blank by Pilcher & Company; and likewise a draft by Pilcher & Company on T. J. Reeves in favor of the claimant, the American National Bank, for the purchase-money of the flour. Claimant also introduced the testimony, by interrogatories, of Pilcher and Le-Sueur, the cashier of the bank, to the effect that on March 30, 1904, the bill of lading, with draft on Reeves for the purchase-money attached, was sold and transferred, by indorsement by Pilcher & Company, to the bank, intending thereby to sell the flour and the right to collect for its own account the draft. The bank paid

Pilcher & Company the face value of the draft, to wit, $50.22, by passing that amount at once to the credit of Pilcher & Company, against which they were authorized to check or draw. The bill of lading and draft attached were then forwarded by the claimant to the bank in Thomaston, Georgia, for the purpose of collecting the draft and surrendering to Reeves the bill of lading, which would authorize him to demand the flour from the common carrier. There is a slight difference between the testimony of Pilcher and that of the cashier as to dates, the former stating that the bill of lading was issued March 26, and that the sale to the bank was on March 30; while the cashier gives only one date, and says the transaction occurred about March 26. As a matter of fact the bill of lading bears date March 26, and the draft March 30, 1904. There was no evidence tending to controvert the evidence offered by the claimant, except the statement of Reeves, who testified that the flour was the property of Pilcher & Company, "according to his understanding." The jury found the property subject. Upon petition to the superior court, the case was reviewed under a writ of certiorari, and, after consideration, the writ was dismissed by the judge of the superior court, and judgment was entered against the claimant for costs. The claimant comes by bill of exceptions to this court, and makes two questions which were made in its petition for certiorari and ruled adversely to it in the court below, to wit: (1) that at the close of plaintiff's evidence the levy should have been dismissed, because there was no proof of possession or title in the defendant in attachment, and (2) that upon the uncontradicted evidence offered by the claimant, the jury should have found the property not subject.

1. As to the first question, the ruling of the court in refusing to dismiss the levy was correct. The evidence affirmatively showed that Pilcher & Company had been vested with title to the flour, and that it had been shipped from Nashville, Tennessee, for delivery to Pilcher & Company, at Thomaston, Georgia, or to their order. It was not by the plaintiff's evidence shown that the title had ever passed out of Pilcher & Company; either by assignment of the bill of lading or otherwise. The ownership having thus been shown, it will be presumed to have continued in Pilcher & Company, until the contrary is made affirmatively to appear. *Dean v. American Harrow Co.*, 112 *Ga.* 155. The burden was therefore

successfully carried by the plaintiff, and the levy should not have been dismissed on that ground.

2. As to the second question, however, the claimant, by clear proof, which is not substantially contradicted, showed that several days before the levy of the attachment, the bill of lading, with draft for purchase-money attached, for value had been sold to claimant. This sale passed title to the flour from the defendant in attachment to the claimant. *Farmers Bank* v. *Allen-Holmes Co.*, 122 *Ga.* 67, and cit.; *Commercial Bank* v. *Armsby*, 120 *Ga.* 74, and cit. The transaction between Pilcher & Company and the claimant took place on March 30, and the attachment was not levied until five days thereafter, to wit, on April 4. It is clear, therefore, that the property at the time of the levy did not belong to the defendant in attachment, but was the property of the claimant. The testimony of Reeves can not be accepted as sufficient to show title in the defendant. In fact he does not undertake to say that the title was in the defendant at the time of the levy. He qualifies the statement to that effect by the words, "according to my understanding," and does not attempt to give the facts upon which he based his conclusion. He evidently based his understanding upon the facts that inasmuch as the flour had been shipped to him with draft for the purchase-money attached to the bill of lading and he had not paid the draft, the flour was not his; and had not taken into consideration the fact, which afterwards was made to appear by claimant's testimony, that Pilcher & Company in the meantime had transferred the draft and bill of lading to the claimant. So upon the whole, the claimant has clearly and conclusively established his title, and the jury should have found the property not subject, and the court below erred in ruling to the contrary.

*Judgment reversed. All the Justices concur.*