## NATIONAL BANK OF WEBB CITY *v.* EVERETT.

Where a customer of a milling company orders flour, which is consigned by the milling company to itself with a memorandum on the bill of lading to notify the customer, and contemporaneously the milling company draws a draft for the price of the flour on the customer, payable to a bank, to which is attached the bill of lading indorsed in blank,

and deposits with the bank the draft with bill of lading attached, and the amount of the deposit is credited to the depositor's general account and drawn against by him, the bank becomes the purchaser and owner of the draft and bill of lading; and the title of the bank to the flour is superior to a subsequent lien against the milling company.

June 13, 1911.

Attachment and claim. Before Judge Pendleton. Fulton superior court. June 22, 1910.

*Brown & Randolph* and *Hugh M. Scott,* for plaintiff in error.

*C. D. Maddox,* contra.

Evans, P. J. J. H. Everett & Son sued out an attachment against the Boyd and Gunning Milling Company, and caused the same to be levied on a certain lot of flour contained in a railroad car. The National Bank of Webb City, Missouri, filed its statutory claim. The verdict of the jury was adverse to the claimant, and its motion for a new trial was overruled. The flour upon which the attachment was levied was consigned by the milling company to itself, with direction in the bill of lading to notify the plaintiffs. The bill of lading was indorsed by the milling company and attached to the draft drawn by the milling company, for the purchase-price of the flour, on the plaintiffs in favor of the claimant. The draft with bill of lading attached was deposited by the milling company with the bank, and the amount thereof placed to its credit. The draft with bill of lading attached was duly presented to the plaintiffs, who refused to pay it. At the time of the deposit of the draft the milling company had overdrawn its account with the bank. The milling company deposited other items that day, and drew several checks against the same. The milling company has not reimbursed the bank for the dishonored draft. The bank has not charged or received interest on the amount represented by the dishonored draft. The foregoing is a fair résumé of all the testimony bearing on the bank's acquisition of the bill of lading. We do not think this testimony sufficient to justify the contention of the plaintiffs that the bank had no title to the flour but was simply acting as the agent of the milling company in the collection of the draft drawn by it on the plaintiff. Prima facie the passing to the credit of a depositor of a check drawn in favor of the bank, not indicating that it was deposited merely for collection, passes the title to the bank. 2 Morse on Banking, § 569 et seq. This general rule will yield to the intention of the parties as

reflected in the transaction. If a regular customer of a bank deposits with the bank his draft payable to his own order or to the bank, and the same is entered to his credit on the books of the bank, and the drawer by course of dealing has the right to draw against such deposit, and in fact does draw against it, and his checks are honored, the title to the draft passes to the bank. *Fourth National Bank* v. *Mayer*, 89 *Ga.* 108 (14 S. E. 891). The bank may indicate its intention not receive the draft as money, by receiving the draft deposited, not as cash, but as a check for collection. *Bailie* v. *Augusta Savings Bank*, 95 *Ga.* 277 (21 S. E. 717, 51 Am. St. R. 74). In the instant case the evidence discloses, that at the time of the deposit the drawer had overdrawn its account, and the deposit was entered as cash to its credit; that the drawer was not only accustomed to draw against deposits of this character, but actually did draw. These circumstances evince the parties' intention to treat the draft as a deposit of money, and therefore the title to the draft and the bill of lading attached is in the bank. The effect of the indorsement of the bill of lading and its delivery to the bank was a pledge of the flour to the bank. Delivery of the property is ordinarily essential to the validity of this species of bailment, but bills of lading or other commercial paper symbolic of property may be delivered in pledge and constitute constructive delivery of the physical property. Civil Code (1910), § 3528; *Farmers Bank* v. *Allen-Holmes Company*, 122 *Ga.* 67 (49 S. E. 816); *Central Georgia Land & Lumber Co.* v. *Exchange Bank*, 101 *Ga.* 353 (28 S. E. 863). It follows that the title to the flour under the undisputed facts was in the bank. *American National Bank* v. *Lee*, 124 *Ga.* 863 (53 S. E. 268); *Farmers Bank* v. *Allen-Holmes Co.*, supra; Tilden *v.* Minor, 45 Vt. 196; German National Bank *v.* Grinstead (Ky.), 52 S. W. 951.

*Judgment reversed. All the Justices concur.*