MERCHANTS NATIONAL BANK OF INDIANAPOLIS *v.* PARKER.

FISH, C. J.   1. Where a motor-vehicle company of Indianapolis, Indiana, drew a draft on a person in Macon, Georgia, attached thereto a bill of lading for an automobile shipped between those points, and discounted the draft with a bank at the initial point, which bank became the purchaser of the draft and did not take it merely for collection, after its collection by the bank at Macon, to which it had been forwarded, the proceeds belonged to the bank at Indianapolis and were not subject to an attachment taken out by the drawee of the draft against the motor-vehicle company. *Fourth National Bank* v. *Mayer,* 89 *Ga.* 108 (14 S. E. 891) ; *National Bank* v. *Everett,* 136 *Ga.* 372 (71 S. E. 600), and cases cited.

2. While the plaintiff introduced testimony tending to show that on the face of the papers the draft was drawn in the usual form which would be employed if deposited by the drawer for collection, and while a witness for the plaintiff testified that, in the absence of any agreement, he would consider it a draft for collection, but also stated that it would be drawn in the same way whether it was deposited for collection or discount, and that he could not tell from looking at the draft whether it had been sold to the bank where it was deposited or simply deposited for collection, but this would depend upon the agreement, such evidence did not conflict with positive testimony that the particular draft had been sold to the bank in which it was deposited and had been sold at a discount, and that the amount less the discount had been deposited to the credit of the drawer, so that the draft and bill of lading became the property of the bank. Under such uncontradicted evidence, a verdict finding that the proceeds of the draft when collected belonged to the drawer was not authorized.

3. There was nothing in the evidence to authorize a submission to the jury of the question of bona fides or mala fides on the part of the bank making the discount.   *Judgment reversed. All the Justices concur.*

AUGUST 18, 1914.

Claim. Before Judge Mathews. Bibb superior court. July 12, 1913.

*Hardeman, Jones, Park & Johnston,* for plaintiff in error.
*J. E. Hall,* contra.