MAX KIRSHENBAUM ET AL., APPELLANTS, V. MASSACHUSETTS BONDING & INSURANCE COMPANY, APPELLEE.

FILED JANUARY 26, 1922. No. 21748.

1. **Case Followed.** The record examined, and on the main issue *held* to fall within the findings and judgment in *Kirshenbaum v. Massachusetts Bonding & Ins. Co., ante* p. 368.

2. **Trial:** DIRECTION OF VERDICT. When at the close of all the testimony the proof relating to the disputed issues is so clear and conclusive that reasonable minds cannot reach different conclusions, it is not error for the trial court, on motion, to dismiss the jury and enter judgment in accordance with the evidence.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*J. J. Friedman,* for appellants.

*Kennedy, Holland, DeLacy & McLaughlin* and *Edward J. Svoboda, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and FLANSBURG, JJ., BUTTON and COLBY, District Judges.

MORRISSEY, C. J.

Plaintiffs brought suit against defendant on a policy of robbery insurance. At the conclusion of the evidence the court dismissed the jury and entered judgment for defendant. Plaintiffs appeal.

The suit is between the same parties, and the general issues presented are substantially the same as in *Kirshenbaum v. Massaccusetts Bonding & Ins. Co., ante,* p. 368, wherein the suit was on a policy of burglary insurance covering the same store and stock of goods covered by the policy here in suit. In the suit on the policy of burglary insurance, plaintiffs sought to recover for loss of goods taken from their store early on the evening of September 28, 1919, while in this suit plaintiffs allege a second breaking and entry of their store later in the evening of the same day. The circumstances surrounding the second breaking are substantially the same as those surrounding the original breaking and we do not deem it necessary again to review them at length. We adhere to the findings there made.

There is, however, presented a question of procedure. At the close of all the testimony, defendant requested the court to direct a verdict for defendant or to discharge the jury and enter findings and judgment for defendant. The court sustained the motion, dismissed the jury, and entered judgment for defendant.

In addition to the general complaint against the judgment, plaintiffs contend that the court erred in dismissing the jury and entering the judgment. As we understand this branch of the argument, plaintiffs would have the court follow the procedure which has so long prevailed in this state of directing the jury, through its foreman, to sign and return a verdict. In *Segear v. Westcott,* 83 Neb. 515, where each party moved for a directed verdict, the trial court dismissed the jury and rendered judgment. On review this court said: "We think that the mere fact that the court discharged the jury and thereupon rendered a judgment under the circumstances in this case is of no great moment. It was

irregular, but not prejudicial. Where a verdict is directed by the court, the action of the jury is ministerial in its nature. The rendition of the verdict is at most a mere form, for, if the jury should return a verdict contrary to the direction, it would be the duty of the court to immediately set the same aside."

In the instant case the jury were dismissed and judgment entered on motion of defendant alone, but the procedure followed is no more prejudicial to the interests of plaintiffs than it would have been had a form for a verdict been handed to the jury with directions from the court that it be signed by the foreman and returned by the jury as its verdict. The difference in procedure is a difference in form only and does not affect the substantial rights of the parties.

The record is found free from error, and the judgment is

AFFIRMED.