## McQUARIE v. THE STATE.

According to the facts stated in the question propounded by the Court of Appeals, the trial court erred in overruling the ground of the motion for a new trial based on alleged newly discovered evidence that one of the jurors trying the case was disqualified because related within· the prohibited degree to named stockholders of the bank from which the accused was convicted of the offense of embezzling funds.

No. 4047. JANUARY 22, 1924.

Question certified by Court of Appeals (Case No. 14977).

*V. E. Padgett* and *Wilson & Bennett,* for plaintiff in error.

*S. D. Dell, solicitor-general pro tem.,* contra.

GILBERT, J. The Court of Appeals certified the following question: "The defendant was convicted of embezzling the funds of an incorporated·bank. One ground of his motion for a new trial alleged that one of the jurors (naming him) was disqualified because he was related within the prohibited degree to certain named persons who were stockholders of the bank, and that the disqualification was unknown to the defendant or his counsel until after the verdict, and could not sooner have been ascertained by them by the exercise of due diligence. Upon the hearing of the motion the relationship within the prohibited degree of the juror to the persons named was affirmatively shown. It was also shown by the affidavit of the defendant and each of his attorneys that his relationship was not known to either of them until after the trial, and that each of them exercised all reasonable and proper diligence to ascertain the fact. The fact that the named persons were stockholders of the bank at the time of the trial, December, 1921, was sought to be shown as follows: "The defendant himself made affidavit that for 22 years he had been cashier of the·bank, and that when he left the bank on June 15, 1920, the said named persons were stockholders. It was further shown that when the jury was being impaneled counsel for the accused insisted that all relatives of stockholders of the bank were disqualified, and thereupon the court instructed the acting solicitor-general 'to prepare a list of the stockholders or produce a list of the stockholders, so as to qualify the jurors as to their relatives;' that the acting solicitor-general did produce such a list, which was read over to the jurors, and each juror was asked if he was related by blood or marriage to any of the persons on the list; and that among the names read out were the names of the persons to whom defendants claimed ·the

juror was related. Under the facts stated, did the court err in overruling this ground of the motion for a new trial?" According to the facts stated in the question propounded, we reply that the trial court erred in overruling the ground of the motion for a new trial. The question includes the statement as a fact that "the court instructed the acting solicitor-general 'to prepare a list of the stockholders or produce a list of the stockholders, so as to qualify the jurors as to their relatives;' that the acting solicitor-general did produce such a list, which was read over to the jurors, and each juror was asked if he was related by blood or marriage to any person on the list, and that among the names read out were the names of the persons to whom defendants claimed the juror was related." The question propounded states the further fact that "Upon the hearing of the motion the relationship within the prohibited degree of the juror to the persons named was affirmatively shown." We interpret this language to mean that the evidence before the court on the motion demanded a finding by him that the juror was related within the prohibited degree to the persons named. This being so, and it being stated that when the solicitor-general was required to produce a list of the stockholders he did produce such a list, it necessarily follows that the evidence demanded a finding by the trial judge that the persons named as stockholders were in fact such, because their names were included in the list of names of such stockholders actually produced by the solicitor-general in obedience to the instructions of the court. These facts alone are sufficient to require us to return an affirmative answer to the question propounded. In addition to these facts, however, is the further fact that the accused made an affidavit that "for twenty-two years he had been cashier of the bank, and that when he left the bank on June 15, 1920, the said named persons were stockholders." The trial took place, under the statement of facts, in December, 1921, about a year and a half after the time named by the accused as the time when he severed connection with the bank. This evidence is corroborative of the other facts stated in the question; and it is not necessary to decide whether this affidavit, standing alone, would have required an affirmative answer.

On the question of presumption that title to personal property once shown into a person will continue so until the contrary is

proved see *American National Bank* v. *Lee,* 124 *Ga.* 863, 865 (53 S. E. 268), and authorities cited.          *All the Justices concur.*