**SMITH & SETRON PRINTING CO. v STATE ex FULTON Superintendent of Banks**

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11693. Decided April 20, 1931

Dorr E. Warner, Cleveland, for Printing Co.

Arthur J. Halle and Arthur J. Krause, both of Cleveland, for State ex.

SHERICK, PJ, LEMERT and MONTGOMERY, JJ (5th Dist) sitting.

[redacted]

SHERICK, PJ.

The matter is in this court upon the petition in error of the depositor, it having been decided in the Court of Common Pleas that its motion for an allowance of its claim, on its deposit of September 13th, as a preferred claim, was not well taken.

It is therefore at once apparent that the sole question for this court's determination is: Whether the relation of debtor and creditor arose at the time of deposit or at the time the checks were collected?

The depositor says that the question should be answered in its favor upon the theory that such an answer would be in accordance with the general rule of law and for the further reason that it had a contract with the bank which so provided. The company in the main relies upon this agreement which is set forth on the first page of the company's deposit book. It is as follows:

"NOTICE"

"Checks on this bank will be credited conditionally. If not found good at close of business, they may be charged back to depositors and the latter notified of the fact. Checks on other city banks may be carried over for presentation through the clearing house on the following day."

"In receiving items on deposit payable elsewhere than in Cleveland this bank assumes no responsibility for the failure of any of its direct or indirect collecting agents, and shall only be held liable when proceeds in actual funds or solvent credits shall have come into its possession. Under these conditions items previously credited may be charged back to the depositor's account. Items lost in transit may be charged back to depositor's account pending receipt of duplicates. Unless otherwise instructed, items may be mailed to drawee banks. Unpaid items may be returned by mail at depositor's risk. In making deposits the depositor hereby assents to the foregoing conditions."

It is not charged that the officers and directors of the bank knew of its insolvency, and that phase of the situation does therefore not enter in this case.

There can be no question but that had these checks been deposited for collection, title would not have passed to the bank. Had such been done the relation of principal and agent would have been created. But the facts in this case do not so disclose that such was done, nor can it be inferred unless the notice appearing in the deposit book just quoted, so provides. The fact that a bank has a right to charge back a dishonored check as against its customer's account is not alone sufficient to establish the fact that it took the paper for collection purposes only.

It is well stated in the case of Raynor v Scandinavian-American Bank, 112 Wash. 150, 210 Pac. 499, that "in the absence of a special agreement to the contrary, the deposit of a check in a bank constitutes not a deposit for collection merely, but is a sale of the paper to the bank and passes title to the bank, subject only to the right of rescission if the paper subsequently proves to be without value." See also, Dubuque Fruit Company v Emerson Company, 206 N.W. 672; Cragie v Hadley, 99 N. Y., 133; Morse on Banks and Banking, Vol. 2, Section 578, et seq. We are advised that it is otherwise held in some jurisdictions who adhere to the old considered rule that the relationship is that of bailor and bailee, but we believe that it may now be safely stated that the better rule, recognizing the necessity created by the enormous increase in checking and commercial paper, should be followed.

A bank in the ordinary course of business does not receive a consideration for collecting the checks deposited by its customer. The checks in the instant transaction were not discounted; and it seems to us in view of the fact that cash was deposited along with the checks that the plaintiff in error intended and understood that the whole amount was to be credited to its account and not merely for the purpose of collection, at least the bank received no consideration for so doing.

It appears that a similar situation has

446

been considered in this state, in **Howe v Akron Savings Bank**, 16 O.C.C. (N.S.) 320, where it was held that: "Checks and drafts upon banks deposited with money and passed to the depositor's credit are to be treated as becoming the property of the bank, raising the relationship of debtor and creditor, unless there is an express agreement that they are deposited for collection only." The case of Bank v Bank, 33 O L R 102, is likewise in point.

Considering now the deposit book "Notice," we are unable to understand but that its provisions are statement of the general law as herein previously announced. It will be noted that these deposits are to be credited, not received for collection only, and such conditions as are therein stated pertain to only such checks as shall be dishonored. In the matter of the checks in question, there was no dishonor. The checks were paid when presented and the conditional credit clause did not apply.

It seems highly unfair to this court that a depositor should expect his bank to honor his checks immediately after a deposit of a large number and amount of checks issued on banks at considerable distances. He should not ask a bank to assume that risk for the sake of his business and for which he does not pay. And it seems but fair that it is the customer's duty to keep his credit good and his checking within reasonable bounds until his deposited checks shall have passed through clearance.

For the reasons indicated, the judgment of the trial court is affirmed.

LEMERT, J and MONTGOMERY, J, concur.