## THOMAS & COMPANY *vs.* PARKER *et al.*

1. Original papers, if to be procured, are always better evidence than copies; and the latter are allowed only from necessity or convenience.

(*a.*) A *fi. fa.* is not an office paper which must be kept on file in the court where it originates.  The original may be taken out of court and used in evidence.  It is the best evidence of the right to seize and sell in contests under sheriffs' sale ; if lost or destroyed, a copy of it from the records may be used.

v 69—19

(*b*.) An original *fi. fa.* from the circuit court of the United States will be recognized by the state courts without other than intrinsic proof, and is admissible in a contest arising thereunder.

2. An affidavit of illegality may be withdrawn by the party interposing it, subject to the right of the plaintiff in *fi. fa.* to proceed, as in claim cases where the claims are withdrawn.

(*a*.) There is no proof in this record of bankruptcy of the party filing the illegality, or whether the property in controversy was affected thereby, so as to call for a charge on that subject.

3. One who in good faith files a claim to property levied on, and sells it during the pendency of the case, may still maintain his title to the property as it stood when claimed, and thereby protect himself and secure the rights of the purchaser under him.

4. Whether the refusal to give a request in charge was error cannot be determined by this court where the request is not set out in the record or bill of exceptions.

5. Exceptions to the rulings of the court below must specify plainly the errors alleged. To assign as error on a long charge that it fails to submit the real issue, is too general.

(*a*.) If counsel think that the court has failed to submit the real issue in a case, they should by requests invoke a charge thereon.

October 3, 1882.

Evidence. Executions. United States Courts. Illegality. Claims. Practice in Superior Court. Practice in Supreme Court. Before Judge CRISP. Sumter Superior Court. April Adjourned Term, 1882.

Reported in the decision.

GUERRY & SON; HAWKINS & HAWKINS, for plaintiffs in error.

LANIER & ANDERSON; ALLEN FORT; E. G. SIMMONS; HINTON & MATHEWS, for defendants.

CRAWFORD, Justice.

This was a claim case arising upon a levy made under an execution in favor of George P. Thomas & Co., on certain real estate as the property of I. N. Hart, and

claimed by Barney Parker and C. C. Shepherd. Upon the trial of the claim, the verdict was for claimants, and the plaintiffs in *fi. fa.* moved for a new trial.

1. In their motion, it is claimed that the court erred in admitting in evidence a *fi. fa.* from the fifth circuit court of the United States for the southern district of Georgia, the same not being proved either by an exemplified copy of the original or other evidence as to its being genuine.

We do not see that a *fi. fa* stands upon the same footing as other office papers, which are required by law to be kept " of file" in the court where they originate. A *fi. fa.* of necessity is to be taken from the office, that it may be executed. It is the warrant of the officer to seize and sell property; it may be the subject of separate and independent litigation; the possession of it by the owner has been often recognized by the courts as in nowise to invalidate it; it may be sold and transferred by him with the judgment on which it is founded; it may be admitted as a sort of " free lance " in a general fight with other *fi. fas.* in a contest for money, and unless rejected for some legal defect apparent, or to be made so, it maintains itself according to its internal force and priority. In the absence of some legal difficulty in the way, original papers are always the best evidence. In the case of *Dobbs et al. vs. The Justices, etc.,* 17 Ga., 625, it was held that, " Original papers, if to be procured, are always better evidence than copies; and the latter are allowed only from necessity or convenience." It has been further held that a *fi. fa.* is not necessary to the completeness of a record. 20 Ga., 227. An original *fi. fa.* from the circuit court of the United States may be, and has been, recognized by our courts without proof other than intrinsic, as having a *status* in the courts upon which it may claim money and make issues.

But it may be said, that in this case, forming as it does a part of the muniment of title to real estate, makes a

different legal rule. Section 2709 of the Code recognizes the original *fi. fa.* in cases of sheriff's sales as the best evidence of the right to seize and sell, and if recorded with the deed, in case of loss or destruction of the original execution, a copy of such record shall be admitted in evidence. By law, reason and analogy the same rule would apply to marshal's sales in this state. The original *fi. fa.*, we think, therefore, was the best evidence, as it was neither lost nor destroyed, and was properly admitted.

2. It is also insisted that the court erred in not charging the jury that Hart, the defendant in *fi. fa.*, could not withdraw an affidavit of illegality filed by him, he having been adjudged a bankrupt, and E. A. Hawkins, Esq., being his assignee, the same being done without his knowledge or consent.

An affidavit of illegality may be withdrawn by the party interposing it, subject to the right of the plaintiff in *fi. fa.* to proceed as in claim cases, where the claims are withdrawn. That a claim may be withdrawn by the consent of the plaintiff in *fi. fa.*, is nowhere prohibited by law. But it is said that in this case the defendant's being in bankruptcy, denied him the right to interfere in any way with the illegality. We have searched in vain to find in this record when this defendant filed his petition in bankruptcy, when he was adjudicated a bankrupt, or when his assignee was appointed, but it is nowhere to be found. B. P. Hollis, Esq., testified that he filed defendant's affidavit of illegality, and supposed that it was pending till he was in bankruptcy. Whether he had a schedule of property at all, and whether this property was in it, does not appear; upon the contrary, it seems that it was not returned, and that the assignee never had anything to do with it, or any control over it whatever. Guided, therefore, by the record before us, we see no reason why the judge should have charged the jury as requested by counsel.

3. It is also insisted that the court erred in charging

·that the claimants could maintain. their claim, though it was admitted that before the trial they had sold the property.

The question here made is, whether one who, in good faith, interposes a claim to property levied upon, and files his claim thereto, may not sell the property during the pending of the claim, and still maintain his title to the property as it stood when claimed, and thereby protect himself and secure the rights of the purchaser under him. We. hold that he may, and this is not to be confounded with the case of one showing title out of the defendant in *fi. fa.* in order to maintain his own possession.

4. The fourth ground of the motion for a new trial is the refusal of the judge to give a certain request in writing in charge to the jury, a copy of which was to have been thereto attached, but which was not. What that request was, does not appear, either in the record or in the bill of exceptions, and cannot be ruled upon in its absence.

5. Another ground of error complained of is, that the judge failed to submit to the jury the real issue involved in the case. If this had been so, it was the duty of counsel to have asked the judge by written requests to have charged the jury upon the real issue. If, however, this was not done, then in the motion for a new trial, if one should be made, it should be distinctly specified wherein the court failed to submit .to the jury the real issue involved, so that the judge below, as well as this court, might understand and definitely pass on such failure. To take a charge, covering fourteen pages of manuscript, as this does, with many questions of law bearing upon numerous facts, and undertake to ascertain in what way the judge had erred in the manner of his submission of the case to the jury, without specification, is not required by law. Exceptions to the rulings of the judge below shall specify plainly the decision complained of, and the alleged error committed. The charge of the judge in this case,

however, appears to us to submit the issues clearly, legally and fully.

Judgment affirmed.