## ALEXANDER, SMITH & COMPANY *v.* FIRST NATIONAL BANK OF FRESNO.

1. The rulings of the court on the admissibility of evidence do not afford ground for reversal of the judgment.
2. Where a consignor of goods delivers them to a common carrier to be transported to a distant point, consigned to the order of the shipper, with direction to notify a designated person at the place of delivery, and a bill of lading is duly issued by the carrier to the consignor, and the latter attaches the bill of lading to his draft for the price of the goods on the person to be notified, and delivers it with the bill of lading, which is indorsed in blank, to his bank to be placed to his credit on his general account, and the amount of the deposit is, credited to the depositor's general account and drawn against by him, the bank acquires title to the goods represented by the bill of lading, which can be asserted against the lien of a subsequent attachment creditor of the consignor.
   (a) On the trial of a claim case between the bank and a judgment creditor of the consignor, where the undisputed evidence shows that the bank, in the manner indicated in the preceding note, acquired title from the consignor before the levy of the attachment, the fact that after the bank had acquired title the consignor wrote letters seeking to induce the person to be notified to accept and pay for the goods, and others seeking to make disposition of the goods, would not affect the ·

title of the bank, which had not received reimbursement to cover the advancement made to the consignor.

(b) The evidence demanded a verdict for the claimant.

JULY 18, 1913.

Attachment and claim. Before Judge Ellis. Fulton superior court. March 28, 1913.

*Thomas & King*, for plaintiff. *J. H. Porter*, contra.

ATKINSON, J. Alexander, Smith & Company, a corporation, in Atlanta, Georgia, sued out an attachment against Malaga Packing Company, a non-resident, and caused it to be levied on certain peaches and raisins as the property of the defendant. The First National Bank of Fresno filed a statutory claim to all of the attached property. At the conclusion of the evidence on the trial of the claim case, the judge directed a verdict in favor of the claimant, and the plaintiff excepted.

1. Error was assigned upon the ruling of the court permitting the cashier of the claimant bank to testify: "On August 31st, 1909, the Malaga Packing Company deposited as cash a draft on Alexander, Smith & Co., of Atlanta, Ga., for $2,547.87, and bill of lading was attached to said draft, covering 1050 56-lb. cases of peaches and 100 40-lb. cases of seeded raisins. This draft was forwarded by the First National Bank of Fresno to Atlanta, for collection." This evidence was admitted over the objections: (a) That it was secondary evidence. (b) "Because it appears from the answer of the witness, heretofore given, that he was cashier of the First National Bank of Fresno; it appears from his answers that he could not possibly know of the facts to which he is attempting to testify; that his knowledge would necessarily be derived either from the books or from the receiving teller; he doesn't state that he knows of his own knowledge these things; but he says that a draft was deposited with the bank; now he doesn't state that it was deposited with him as cashier, on the contrary it is generally understood, unless the proof is to the contrary, I should think it would be presumed that a deposit would necessarily be made with the receiving teller." There is no merit in these objections. The witness purported to give his personal information in regard to the matters testified about. He was subject to cross-examination, and further inquiry could have been made of him to develop the fact that his testimony was secondary, if it was such, or to develop the fact that he had not testified from his personal information.

if such were the truth of the case. But further inquiry as to these matters was not made, and the testimony as introduced does not show that it was subject to the objections urged to its admissibility.

Another assignment of error was upon the reception of an answer of the same witness to the question: "State whether you authorized any correspondence between Alexander, Smith & Co., and the Malaga Packing Company." The objection urged to this evidence was that it was irrelevant and a self-serving declaration. The plaintiff was contending that the claimant bank had not derived title from the defendant in execution by virtue of the assignment of the bill of lading, and, bearing on that question, introduced certain letters from the Malaga Packing Company to Alexander, Smith & Company, written subsequently to the assignment of the bill of lading, and calling upon Alexander, Smith & Company to pay the draft. The testimony objected to was merely intended to show that this correspondence was without authority from the cliamant bank, and did not affect its right as a bona fide holder of the bill of lading for value. The evidence was not "a self-serving declaration" in any sense; and while it might have been irrelevant or immaterial on the theory that such evidence would not have defeated the title of the bank as a bona fide holder for value of the bill of lading (*Coker* v. *First National Bank of Memphis,* 112 *Ga.* 71, 37 S. E. 122), the fact that it was admitted could not harm the plaintiff, nor furnish ground for a reversal of the judgment.

Error was also assigned on the ruling of the court admitting in evidence "the deposit slip and draft and bill of lading which are marked Ex. 'a,' 'b,' and 'c,' respectively, which witness testified was deposited with the claimant bank; also certified copy of the account of the Malaga Packing Company with the First National Bank of Fresno, for a certain period as therein stated," over the objection that "there has been no proof that the money or draft called for by this deposit slip was actually deposited with the bank; the only evidence being that of the cashier, who, we submit, could not possibly, from the very nature of things, have knowledge of this fact." There was an additional objection to the admissibility of the draft and bill of lading, on the ground that "there is no connection of the bill of lading with these particular goods." An examination of the evidence introduced by the claimant, and

that introduced by the defendant in execution, shows plainly that the bills of lading referred to covered the goods which were levied upon. The cashier was a competent witness to testify that the draft was actually deposited with the bank, and that the bill of lading was delivered to the bank in connection with such deposit. The purport of his testimony as to these matters was that he was testifying from personal information. Accordingly, there was no merit in any of the objections urged to this part of the testimony.

2. The uncontradicted evidence shows the following in regard to the circumstances under which the claimant acquired title to the property levied on under the attachment: The Malaga Packing Company, the defendant in attachment, delivered to a common carrier for transportation certain peaches and raisins, for which three separate bills of lading were duly issued. The goods were consigned to the order of the consignor for delivery at Atlanta, Georgia, and contained direction to "notify Alexander, Smith & Co." at the place of delivery. The bills of lading were indorsed in blank by the Malaga Packing Company; and on the 31st day of August, 1909, the consignor made a draft for the price of the goods on Alexander, Smith & Company, to whom they had been sold, and attached to the draft so indorsed the bills of lading issued by the common carrier, and thereupon delivered the same to the First National Bank of Fresno. The Malaga Packing Company was a general customer of the bank, and the full amount of the draft was on the date mentioned above placed to the credit of the Malaga Packing Company, who thereafter proceeded to check against it and other deposits which were made from day to day. Alexander, Smith & Company refused to accept the goods on arrival and declined to pay the draft, and the Malaga Packing Company did not repay to the First National Bank of Fresno the amount advanced to it. The attachment was not levied until October, about six weeks after the First National Bank of Fresno received the bill of lading and credited the Malaga Packing Company with the proceeds of the draft. The reasoning in the case of *National Bank of Webb City* v. *Everett,* 136 *Ga.* 372 (71 S. E. 660), applies so aptly to the facts of this case that it is unnecessary to enter into a further discussion. According to the ruling in that case, the claimant bank was clothed with title which it could assert against the attachment creditor of the Malaga Packing Company. Stress

was laid upon the fact that after the bank became the holder of the draft and bill of lading the Malaga Packing Company corresponded with Alexander, Smith & Company, endeavoring to induce them to accept the goods and pay the draft, and also wrote other letters in regard to shipping the goods to other persons for disposal; it being contended that evidence of this character tended to impeach the title of the claimant, and thereby raise a question for determination by a jury. But evidence of similar character was involved in the case of *Coker* v. *First National Bank of Memphis, supra*; and it was held that notwithstanding such evidence the verdict for the claimant was demanded. In the case last cited the bill of lading was actually "indorsed over" by the claimant to the consignor of the goods to enable him to dispose of the goods for the exclusive benefit of the claimant. Under the doctrine of the case cited, the fact that the Malaga Packing Company had such correspondence as above indicated, looking to a disposition of the rejected goods and the collection of the draft, did not have the effect to impeach the title of the claimant, which had advanced money on the strength of the property represented by the bill of lading and had not been fully reimbursed. There was no error in directing a verdict in favor of the claimant.

> *Judgment affirmed. All the Justices concur.*