## 13901. Gulf States Lumber Company v. Citizens First National Bank.

Jenkins, P. J.  1.  Ordinarily, when checks or drafts are indorsed and deposited in a bank, the presumption is that they are deposited for collection only, with the effect that title thereto remains in the depositor until the check or draft is actually collected.  A credit thus made in anticipation of collection will be deemed to be merely provisional, and the bank may cancel the credit and charge back the paper to the cash account.  The fact that the customer is privileged to draw against a fund thus deposited, and that he has been permitted actually to do so, has, however, been held to indicate a mutual intention that title to the paper should pass to the bank on thus receiving it.  *First Nat. Bank* v. *McMillan*, 15 *Ga. App.* 319 (83 S. E. 149).  But, however this may be, when a customer's draft with bill of lading attached is drawn directly in favor of and deposited with a bank, " and the amount of the deposit is credited to the depositor's general account and drawn against by him, the bank becomes the purchaser and owner of the draft and bill of lading."  *National Bank of Webb City* v. *Everett*, 136 *Ga.* 372 (71 S. E. 660) ; *Fourth Nat. Bank* v. *Mayer*, 89 *Ga.* 108 (3) (14 S. E. 891) ; *Alexander* v. *First Nat. Bank*, 140 *Ga.* 266 (2), 269 (78 S. E. 1071) ; *So. Flour Co.* v. *Central Tex. Bank*, 27 *Ga. App.* 524 (1, 2), 528 (109 S. E. 685).

2. Where, in a case such as last indicated, the draft is dishonored, and the customer reacquires from the bank title to it and to the attached bill of lading, he can not maintain an action against the correspondent of the payee bank for negligence in not collecting the draft, where it does not appear that such claim against the correspondent bank has been assigned to him as present owner by the payee bank, with which the correspondent bank dealt, and in which title lay at the time the alleged injury was committed.  This is true whether the action be construed as for breach of an implied contract of bailment or as for a tort.  If construed as for a breach of implied contract, no privity existed between the plaintiff drawer as present owner and the defendant correspondent bank, acting only for the payee bank as then owner; if construed as based on tort, such an action " must, in general, be brought in the name of the person whose legal right has been affected, and who was legally interested in the property at the time the injury thereto was committed."  Civil Code (1910), § 5517.  A chose in action involving a right of property is assignable (*Sullivan* v. *Curling*, 149 *Ga.* 96, 99 S. E. 533, 5 A. L. R. 124) ; and the mere fact that the payee bank may have been saved harmless from the defendant's dereliction of duty owing to it, by reason of the fact that the drawer has reacquired title to the draft and bill of lading, does not obviate the necessity of a transfer of its chose in action before another can be permitted to sue thereon.                    *Judgment affirmed.  Stephens and Bell, JJ., concur.* ·
DECIDED SEPTEMBER 13, 1923.

Action for damages; from city court of Albany — Judge Martin presiding. July 15, 1922.

*H. A. Peacock, G. B. Cowart,* for plaintiff in error.

*Milner & Farkas,* contra.