*James T. Vocelle, E. H. Wilkerson,* contra.

---

### 16396.  STRICKLAND *v.* AMERICAN NATIONAL BANK OF NASHVILLE.

JENKINS, P. J.  1. A petition for certiorari from a judgment of a justice's court is not subject to a motion to dismiss on the ground that the assignment of error is too vague and indefinite, where the petition, in addition to a general assignment of error on the final judgment against the petitioner, contains a proper special assignment of error on the

refusal to admit in evidence an original draft and bill of lading which formed the basis of the petitioner's claim.

2. "Where a consignor of goods delivers them to a common carrier to be transported to a distant point, consigned to the order of the shipper, with direction to notify a designated person at the place of delivery, and a bill of lading is duly issued by the carrier to the consignor, and the latter attaches the bill of lading to his draft for the price of the goods on the person to be notified, and delivers it with the bill of lading, which is indorsed in blank, to his bank to be placed to his credit on his general account, and the amount of the deposit is credited to the depositor's general account and drawn against by him, the bank acquires title to the goods represented by the bill of lading, which can be asserted against the lien of a subsequent attachment creditor of the consignor." *Alexander* v. *First Nat. Bank*, 140 *Ga.* 266 (2) (78 S. E. 1071); *National Bank of Webb City* v. *Everett*, 136 *Ga.* 372 (71 S. E. 660); *American Nat. Bank* v. *Lee*, 124 *Ga.* 863 (2) (53 S. E. 268). The justice's court having erred in excluding the original draft and bill of lading, indorsed by the consignor to the claimant bank, the superior court did not err in sustaining its certiorari and entering final judgment in its favor. Under the undisputed evidence the only question presented was one of law as to whether the transfer of the draft and bill of lading to the bank, and the deposit of the proceeds to the credit of the general account of the consignor, invested the bank with such title to the property involved as would support its claim. See Civil Code (1910), § 5201; *Levy* v. *McPhail*, 33 *Ga. App.* 784 (3) (127 S. E. 793).

*Judgment affirmed.* *Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 16, 1925.

Certiorari; from Bulloch superior court—Judge Strange. February 27, 1925.

*Francis B. Hunter,* for plaintiff.
*Fred. T. Lanier,* for defendant.