[No. 3364.   April 4, 1930.]

BAYS v. ALBUQUERQUE NAT. BANK.

[288 Pac. 17.]

See also 275 P. 769.

Simms & Botts, of Albuquerque, for appellant.

Keith W. Edwards, of Fort Sumner, for appellee.

OPINION OF THE COURT

BICKLEY, C. J.

Appellee deposited two checks drawn by him in favor of appellant, which were credited to appellee's account.

The checks were presented to the Fort Sumner State Bank, upon which they were drawn, and by the said bank accepted, marked paid, and the amounts thereof charged to the account of appellee; the checks being returned to appellee. The appellee had, at the time of the acceptance of said checks, sufficient funds in said drawee bank to more than cover said checks. Later appellant deducted the amount of said checks from appellee's account in appellant bank. Whereupon appellee sued appellant to recover the amount of said checks.

The items were handled by appellant as follows: They were forwarded to its correspondent State National Bank of El Paso for collection, which bank in turn forwarded them to the El Paso Branch of the Federal Reserve Bank, a correspondent of the El Paso bank's own choosing. The Federal Reserve Bank forwarded the checks with other collection items on the Fort Sumner State Bank to said bank for acceptance and payment. The drawee bank forwarded to the collecting bank its draft on one of its depositories to cover the amount of all the items so presented. The Federal Reserve Bank presented this draft to the said depository, but before such presentment was made, the Fort Sumner State Bank closed its doors by reason of insolvency, and for that reason payment of the draft was refused by the depository, and it has never been paid.

Appellant claims that when it received the checks for deposit, and although it credited the amount thereof to appellee's credit, the title to the checks remained in the appellee, and appellant became appellee's agent to effect collection of the checks and that credit given appellee was provisional only. We understand appellee to argue that the title to the checks under the facts passed to the appellant bank and the question of agency does not enter into the case.

The determination of this question lies at the threshhold of our consideration.

Some of the cases hold that when a check is deposited as a check in the usual course of dealing the relationship of debtor and creditor is not created, and the title of the

check remains in the depositor; that the bank is simply the agent to collect the same. Other authorities holding that the title upon the indorsement of the check by the owner passes title to the bank. Magee on Banks and Banking (2d Ed.) The author expresses the opinion:

"The controlling rule is that the understanding and agreement fixes the status of the parties to each transaction, *and in the absence of an understanding and agreement the bank is simply the agent to collect the check."*

Cases in support of this view may be found in an annotation in 11 A. L. R. at pages 1054-1058. There is expression also contra.

■ Ordinarily, when checks are indorsed and deposited in a bank, the presumption is that they are deposited for collection only, with the effect that the title thereto remains in the depositor until the check is actually collected; a credit thus made in anticipation of collection will be deemed to be merely provisional, and the bank may cancel the credit and charge back the paper to the cash account. Gulf States Lumber Co. v. Citizens' First National Bank (1923) 30 Ga. App. 709, 119 S. E. 426.

In First National Bank v. Fleming State Bank, 74 Colo. 309, 221 P. 891, 892, it was said:

"In this state the general custom and understanding is that, when a customer deposits in his bank checks drawn on another bank, they are received for collection, and are charged to the customer's account if dishonored. Some banks, by way of precaution, print upon their deposit slips notice to this effect. The banks generally, in the absence of special notice, regard such transactions as deposits for collections, and, even when credited to a checking account, the right recognized by the law merchant to charge back to the account a dishonored check is exercised. Town of Manitou v. First Nat. Bank of Colorado Springs [1906] 37 Colo. 344, 356, 86 P. 75. The authorities seem to be in accord, moreover, that a transaction like the one before us, if considered prima facie a sale, which we do not find it necessary to decide, is always open to proof that it was only a deposit for collection."

The trial court made no specific findings of fact, and made no conclusions of law further than to say that his decision is persuaded by the Montana case of Jensen v. Laurel Meat Co., 71 Mont. 582, 230 P. 1081. One of the things there decided was that:

"One depositing with bank check drawn on another is presumed to deposit it for collection, in absence of special agreement."

We think it fair to assume, therefore, that the trial court did not adopt appellee's view that the transaction constituted a sale of the checks to appellant bank. The scope of the trial also shows this. The reliance of the trial court on that case must have been on other points.

From all of the foregoing, we conclude that the checks in this case were deposited for collection.

Our next inquiry is as to the liability of the appellant bank, so taking the checks for collection, for default, if any, of the Federal Reserve Bank, in accepting the draft of the Fort Sumner State Bank in payment of the checks instead of demanding money.

There are two rules which have been applied by the courts of the various states. A number of states, following the "New York Rule," so called, have held that the bank receiving in the ordinary course of business a check for collection either in the place where it carries on business, or in another place more or less distant, undertakes to perform the entire service required, and is liable for the neglect, default, omissions, or other misconduct of its correspondent bank or other agent to whom it sends the paper for collection and return, either in the negotiation, collection, or payment over of the proceeds, by which a loss is sustained by its employer and principal, unless there is some agreement to the contrary, either expressed in terms or necessarily to be implied from the attendant facts.

On the other hand, an equal if not a greater number of states following the "Massachusetts rule" have held exactly the contrary, viz., that the initial bank, by the mere fact of deposit for collection, is authorized to employ subagents, who thereupon become the agents of the owner, and directly responsible to him for their defaults. There is no showing that appellant failed to exercise due care in the selection of subagents.

Appellant contends, and we think correctly, that the Massachusetts rule should be applied to the case at bar.

In applying the majority rule we do not run counter to the enactment of the last Legislature known as the

"Bank Collection Code," being chapter 138, Laws 1929 (Comp. St. 1929, §§ 13—1301 to 13—1317).

It follows from all the foregoing that the trial court was in error. The judgment is reversed, and the cause remanded with directions to enter judgment for the defendant (appellant), and it is so ordered.

PARKER and CATRON, JJ., concur.

WATSON and SIMMS, JJ., did not participate.