## 21573. SOUTHERN FRUIT DISTRIBUTORS INC. v CITIZENS BANK OF FORT VALLEY

BELL, J. 1. When a check or draft is deposited in a bank and is credited to the account of the depositor, but no money is advanced or paid thereon, and nothing further appears, the presumption is that until payment by the maker or drawee the bank holds the instrument for collection only; and this is true notwithstanding the depositor may have indorsed the instrument in blank. *Freeman* v. *Exchange Bank,* 87 *Ga.* 45 (13 S. E. 160); *Spooner* v. *Bank of Donalsonville,* 144 *Ga.* 745 (2) (87 S. E. 1062); *Cronheim* v. *Postal Telegraph Co.,* 10 *Ga. App.* 716 (74 S. E. 78); *First National Bank* v. *McMillan,* 15 *Ga. App.* 319 (3) (83 S. E. 149).

2. But where the payee of a draft indorses it in blank and deposits it with

a bank, and the amount of the draft is credited to the depositor's general account, after which the indorser is allowed to check, and does check against the deposit in a substantial sum, the bank, in the absence of anything to the contrary, is presumed to be the purchaser and owner of the draft, and a holder in due course, the draft being a negotiable instrument. *Fourth National Bank* v. *Mayer*, 89 *Ga.* 108 (3) (14 S. E. 891); *Gulf States Lumber Co.* v. *Citizens Bank*, 30 *Ga. App.* 709 (119 S. E. 426).

3. Even if there are express conditions in the deposit contract, which, if standing alone, would make the bank a mere agent for collection, yet where there were other facts, namely, that the draft was indorsed in blank and the bank thereafter paid checks drawn by the indorser against such deposit, if the bank, in these circumstances, was not the absolute owner of the draft, it at least became a pledgee, in addition to its relationship as agent; and the holder of a note or draft as collateral security stands to the extent of the debt secured, upon the same footing as a purchaser. *National Bank of Webb City* v. *Everett*, 136 *Ga.* 372 (71 S. E. 660); *Alexander* v. *First National Bank*, 140 *Ga.* 266 (2) (78 S. E. 1071); *Linderman* v. *Atkins*, 143 *Ga.* 366 (2, 3) (85 S. E. 101); *Baldwin State Bank* v. *National Bank of Athens*, 144 *Ga.* 181 (87 S. E. 735).

4. Under the above authorities, the bank did not rescind the contract of indorsement by charging the amount of the draft back to the indorser, upon the refusal of payment by the drawee. It still held the draft at least for the purpose of enforcing the same for the amount of the unpaid advances thereon, and upon the title which it thus retained the bank could maintain suit against the drawer for the sum thus appearing to be due, if not for the full amount of the draft. The decision in the case of Manufacturer's Finance Co. *v.* Amazon Cotton Mills, 187 N. C. 233 (121 S. E. 439), relied on by counsel for the plaintiff in error, did not hold that the finance company would not be protected as to any unpaid advances which it might have made upon the instrument, even though it should have been considered as an agent for collection, and not as purchaser.

5. Under the above rulings, the judgment of the municipal court was not erroneous, and the judge of the superior court properly overruled the certiorari. See further, in this connection, sections 30, 51, 52, 54, 57, 191 of the negotiable-instruments act (Ga. L. 1924, p. 124 et seq.); 3 R. C. L. 521.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 19, 1932.

*Ryals, Anderson & Anderson,* for plaintiff in error.
*Hall, Grice & Bloch, P. O. Holliday,* contra.