## 26103. CITY NATIONAL BANK v. BOB'S CANDY AND PECAN COMPANY.

DECIDED MAY 26, 1937. REHEARING DENIED JUNE 18, 1937.

Bennet & Peacock, for plaintiff in error. Farkas & Burt, contra.

FELTON, J. J. W. McConnell & Sons, of San Saba, Texas, drew a draft on Bob's Candy & Pecan Company, of Albany, Georgia.

The draft was made payable to the City National Bank of San Saba, Texas. Before McConnell & Sons deposited the draft in the Texas bank it inquired of the Albany Exchange National Bank, of Albany, Georgia, whether it would pay the draft. In response to this inquiry the Albany bank wired: "We guarantee payment on draft drawn by McConnell on Bob's Candy & Pecan Company when properly supported by original bill of lading and weight certificate covering 40,000 pounds of pecans four and one half cents per pound, f. o. b. San Saba Texas," the Albany bank having been indemnified against loss by reason thereof, by a note for the amount of the draft given to it by Bob's Candy and Pecan Company. On receipt of this telegram by the Texas bank from the Albany bank, McConnell & Sons deposited in the Texas bank the draft to which was attached the "order-notify" bill of lading, properly indorsed by McConnell & Sons, reciting receipt by the issuing carrier from McConnell & Sons of "348 sx pecans, weight 40,008 pounds." The bill of lading provided that the delivery of the pecans would not be made without the surrender of the bill of lading to the carrier, and that inspection of the property would not be permitted unless provided by law or unless permission was indorsed on it or given in writing by the shipper. There was no such authority in this case. The Texas bank credited the account of McConnell & Sons with the amount of the draft, and the right was given to check against the deposit. The deposit slip used by the depositors stated that checks and drafts were credited subject to final payment. The pass-book in which the draft was credited contained the following provision: "In receiving items for deposit or collection, this bank acts only as depositor's collecting agent, and assumes no responsibility beyond the exercise of due care. All items are credited subject to final payment in cash or solvent credits. This bank . . may charge back any item at any time before final payment." The Albany bank turned the bill of lading over to Bob's Candy & Pecan Company under a trust receipt, without requiring payment of the draft. The bill of lading was then turned over to the agent of the carrier at Albany, reacquired from him after an inspection of the goods, and returned to the bank. Subsequently the draft was paid by the drawee, and the bill of lading was again turned over to it, and in turn again delivered to the agent of the carrier. Bob's Candy & Pecan Company then sued

out an attachment against McConnell & Sons, and garnished the Albany bank. The bank answered that in its opinion it had money in its hands (the proceeds of the draft) belonging to the defendant in attachment. The Texas bank gave a bond, claimed the fund, and traversed the garnishment answer. On the trial a verdict was rendered, finding the fund subject to the garnishment. The Texas bank excepted.

In view of the conclusion we have reached in this case, it will be unnecessary to consider the various assignments of error. We shall confine our opinion to the sufficiency of the evidence to support the verdict. Under the facts outlined above, we are of the opinion, regardless of whether the Texas bank bought the draft outright and thereby acquired the title thereto, or whether it took it as agent for collection and had a right to charge the same back by putting the depositor in statu quo, that under the circumstances stated the Texas bank at least acquired such a title as would entitle it to file a claim to the fund, and that under the facts Bob's Candy & Pecan Company was estopped to deny this title. The doctrine of estoppel may be applied in claim cases without special pleading. *Askew* v. *Amos,* 143 *Ga.* 613 (95 S. E. 5). In the first place, Bob's Candy & Pecan Company indemnified the Albany bank against its guaranty of the draft, without a reservation as to the right of inspection. In the second place, it paid the draft to the Albany bank, took up the bill of lading, and put it outside the power of the Texas bank to restore the draft and bill of lading to McConnell & Sons. Since the Texas bank could not deliver the bill of lading it could not charge back the draft, even if the money was still on deposit. *Foster* v. *Peoples Bank,* 47 *Ga. App.* 447 (170 S. E. 408). Under the facts, the Texas bank at least became a pledgee in addition to its relation as agent, assuming such relation to exist, for the sake of argument. *Southern Fruit Distributors Inc.* v. *Citizens Bank of Fort Valley,* 44 *Ga. App.* 832 (3) (163 S. E. 261). In equity and good conscience Bob's Candy & Pecan Company was estopped to deny that the title to the money caught by the garnishment was in the claimant bank. There not being evidence to support the verdict, the judge erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*