27349. GENERAL DISCOUNT CORPORATION *v.* DIXIE DRESS MANUFACTURING COMPANY.

DECIDED MAY 3, 1939. REHEARING DENIED JULY 19, 1939.

*Chalmers, Jackson & Garner,* for plaintiff in error.

*George & John L. Westmoreland, Joselove & Berman,* contra.

BROYLES, C. J. Dixie Dress Manufacturing Company sued out in the municipal court of Atlanta an attachment against Stanley Sokol which was levied on a certain automobile as the property of the defendant. General Discount Corporation filed its claim to the automobile. On the trial of the issue thus made, the only evi-

dence introduced (which is set forth in the bill of exceptions) was as follows: "Mr. Wanderly sworn: Stated he was employed by General Discount Company. That his company had a title-retention contract on the automobile in possession of Stanley Sokol. The same automobile levied on by Dixie Dress Manufacturing Company in a case against Sokol. That they had the contract at time of levy. The contract was recorded. On cross-examination: Stated contract had been paid. That Boomershine Motors had paid them off. That they were paid *and didn't want the car now. Had no interest in it now.* Had their money. That the retention-title contract was marked paid." (Italics ours.)

All of this evidence was admitted without objection by either party. It is well settled that a person who in good faith files a claim to property levied on, and who sells it during the pendency of the suit, *may* still maintain his title to the property as it stood when the claim was filed, and thereby protect himself and secure the rights of the purchaser under him. *Thomas* v. *Parker,* 69 *Ga.* 283 (3); *Coker* v. *First National Bank,* 112 *Ga.* 71 (37 S. E. 122); *Gate City Mills* v. *Cherokee Mills,* 128 *Ga.* 170, 174 (57 S. E. 320). However, while ordinarily a claimant *may* maintain his title to property as it stood at the date of the filing of his claim, although he had sold it before the case was tried, yet where, as ·in this case, the only witness for the claimant states, without objection being made to such testimony, that the claimant had been paid, had no interest in the car "now," and didn't want it "now," the above-stated rule does not apply, and the trial judge did not err in dismissing the claim, or thereafter in overruling the motion for new trial based on the grounds that the judgment was contrary to law and the evidence. It follows that the judgment of the appellate division of the court affirming the judgment of the trial judge was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*