## 28680. SPIVEY v. THE STATE.

DECIDED JANUARY 30, 1941.

*Lester F. Watson,* for plaintiff in error.

GARDNER, J. 1. "Any person who, with intent to defraud, shall make, or draw, or utter, or deliver any check, draft or order for the payment of money upon any bank, or other depository, knowing at the time of such making, drawing, uttering or delivering that the maker or drawer has not sufficient funds in or credit with such bank, or other depository, for the payment of such check, draft or order upon its presentation, shall be guilty of a misdemeanor. The making, drawing, uttering, or delivering of such check, draft, or order as aforesaid shall be prima facie evidence of intent to defraud. The word 'credit' as used herein shall be construed to mean an arrangement or understanding with the bank or depository for the payment of such check, draft or order." Code, § 13-9933.

2. When the defendant drew a draft on the Blackshear Bank of Blackshear, Georgia, with whom he had no account, directing that at sight it pay to the Pierce County Stock Yard the sum of $757.99 (purchase-price of live stock) and charge to his account, but further directed that the draft be sent through the Farmers and Merchants Bank of Dublin, to be presented to one D. G. Adams of that city for payment, and the draft was returned unpaid, marked "unable to present," it can not be said as a matter of law that there was a failure of such "arrangement or understanding" with the Blackshear Bank to pay the draft as would cause an inference of fact to arise, prima facie, of an intent to defraud. In such case of drawing on the bank or depository, the failure of credit which the law penalizes in the Code section cited above did not arise in the absence of presentation to and refusal to pay by Adams.

3. Whether or not the defendant was guilty otherwise of the offense of cheating and swindling, we think the case is controlled by *Spivey* v. *State,* 62 *Ga. App.* 507 (8 S. E. 2d, 677), a former appearance of the present case. In both trials the pleadings and facts were substantially the same, save that on the instant trial Adams was offered as a witness and testified in effect that the draft was not presented for payment, that he was accessible, and that he would have paid the draft if the defendant was sober when he

gave it, notwithstanding that he had made no arrangements with him to do so. There was no evidence that the defendant was drunk when he gave the draft.

4. The court erred in overruling the motion for new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*