### 30340. CHILDS *v.* THE STATE.

DECIDED JANUARY 22, 1944.

*Owen & Gross, Mary A. Lang,* for plaintiff in error.
*Preston M. Almand, solicitor, Rupert A. Brown,* contra.

GARDNER, J. The defendant was convicted in the City Court of Athens of cheating and swindling under the Code, § 13-9933. He filed a motion for a new trial, which was overruled, and he excepted.

The State's evidence showed in substance that on May 12, 1943, the accused purchased from Northeast Georgia Livestock Marketing Association a number of cattle and hogs, and gave the association a check drawn on the Citizens Exchange Bank of Carnesville, Georgia, for $1927.92 in full payment therefor. The transaction occurred in Clarke County. The check was deposited in due course, presented to the drawee bank, and dishonored "because the defend-

ant did not have sufficient funds on deposit in such bank the day it arrived, and has not had at any time sufficient funds in . . bank to pay same, and that accused had not made arrangements . . for payment of or for the handling of said check." On May 12, 1943, the defendant had $200 on deposit in the drawee bank. On the 13th he deposited a check for $700 drawn on a Toccoa bank, which was returned for insufficient funds. About the same date he cashed another check for $700, which was returned for insufficient funds. The check given for the cattle and hogs was received by the payee bank on May 15, 1943, and was returned the following Monday because of insufficient funds. On May 15th the defendant deposited with the payee bank a draft drawn on Ragsdale-Lawhorn & Weil of Atlanta for more than $2000. This draft was forwarded to the Citizens & Southern National Bank for collection, but was never collected, and bore a notation by Ragsdale-Lawhorn & Weil to the effect that the cattle had not arrived. The draft was returned to the Bank of Carnesville, who was holding it at the time of the trial to protect itself against the indebtedness (overdraft) of the defendant. The State's evidence further showed that at the time of the transaction, and on a date subsequent to drawing the draft on Ragsdale-Lawhorn & Weil, the defendant was indebted to that firm around $2000. The evidence is not clear as to whether the cattle which the defendant purchased from the livestock association at Athens were ever delivered to Ragsdale-Lawhorn & Weil, although the record does show that during the period surrounding the transaction the defendant did make certain shipments to Ragsdale-Lawhorn & Weil. But we think this is immaterial except that it might throw some light on intent. It must be remembered that it was the Exchange Bank of Carnesville with which the provisions of the statute would require the defendant to have on deposit sufficient funds or credit for the bank to pay his check for the cattle and hogs.

The defendant introduced no evidence, but in his statement to the jury, he contended in effect that he had made arrangements with the bank to pay the check on which the prosecution was based. The jury resolved this issue against him. There was sufficient evidence to sustain the verdict, and this court is without authority to disturb it. Counsel for the defendant cite *Spivey* v. *State,* 64 *Ga. App.* 309 (13 S. E. 2d, 107). The facts in that case are different

526

from the facts in this case. It will be noted that in the *Spivey* case the draft was not presented to the drawee. Nor is the principal ruled in *Berry* v. *State,* 153 *Ga.* 169 (111 S. E. 669, 35 A. L. R. 370), controlling. The gist of that decision is to the effect that the giving of a check for an antecedent debt is not illegal. The case of *Southern Fruit Distributors* v. *Citizens Bank of Fort Valley,* 44 *Ga. App.* 832 (163 S. E. 261), is relied on by the defendant as controlling. The facts in that case are different from those in the case at bar. In that case the court merely held that when a draft is credited to the depositor's general account, and he is allowed to check against the deposit in a substantial sum, nothing to the contrary appearing, the bank is presumed to have purchased the draft, and thereby became the owner of it.

The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*